## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. OATES, Individually and on Behalf of Others Similarly Situated, | Case No.: CIV-19-1171-SLP |
| v. | Jury Trial Demanded |
| KINDER MORGAN ENERGY PARTNERS, L.P. | |

## ORIGINAL COMPLAINT

### SUMMARY

1. Kinder Morgan Energy Partners, L.P. (Kinder Morgan) does not pay its Day Rate Inspectors overtime as required by the Fair Labor Standards Act (FLSA).

2. Instead, Kinder Morgan pays its Day Rate Inspectors a flat daily rate for all hours worked in a workweek, including those in excess of 40 in a workweek.

3. Kinder Morgan's day rate pay plan violates the FLSA because the Day Rate Inspectors are owed overtime for hours worked in excess of 40 in a week at the rate of one-and-one-half times their regular rates.

4. David M. Oates (Oates) brings this action to recover the unpaid overtime and other damages owed to Kinder Morgan's Day Rate Inspectors.

### JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under a federal statute. 29 U.S.C. § 216(b).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Oates's claims occurred in this District.

## PARTIES

7. Oates worked for Kinder Morgan as an Inspector from approximately May 2017 to July 2018 including time spent working in Sayre, Beckham County, Oklahoma.

8. Throughout his employment, Kinder Morgan paid Oates a flat daily rate for all the hours he worked including those in excess of 40 in a workweek ("day rate pay plan").

9. Oates's consent to be a party plaintiff is attached as Exhibit 1.

10. Oates brings a FLSA collective action on behalf of himself and all other Kinder Morgan's Day Rate Inspectors who were paid according to Kinder Morgan's day rate pay plan.

11. The FLSA class of employees Oates seeks to represent consists of:

**All Day Rate Inspectors employed by Kinder Morgan in the U.S. and paid according to Kinder Morgan's day rate pay plan at any time during the last 3 years** (the "Day Rate Inspectors").

12. Kinder Morgan is a Delaware limited partnership with its headquarters in Houston, Texas and which is registered to do business in Oklahoma.

13. Kinder Morgan "own[s] an interest in or operate[s] approximately 84,000 miles of pipelines and 157 terminals" transporting "natural gas, refined petroleum products, crude oil, carbon dioxide (CO2) and more."[1]

14. Kinder Morgan may be served by serving its registered agent for service of process: Capitol Document Services, Inc., 1833 S. Morgan Road, Oklahoma City, Oklahoma 73128.

## FLSA COVERAGE

15. For at least the past 3 years, Kinder Morgan has been an employer within the meaning of section 3(d) of the FLSA. 29 U.S.C. § 203(d).

---

[1] https://www.kindermorgan.com/pages/about_us

16. For at least the past 3 years, Kinder Morgan has been part of an enterprise within the meaning of section 3(r) of the FLSA. 29 U.S.C. § 203(r).

17. For at least the past 3 years, Kinder Morgan has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

18. Kinder Morgan has, and has had, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials (including tools, flashlights, smart phones/devices, badges, uniforms, computers, personal protection equipment, etc.) that have been moved in or produced for commerce.

19. Further, Kinder Morgan's annual gross volume of sales has well exceeded $1,000,000 for at least the past 3 years.

20. For at least the past 3 years, Oates and the Day Rate Inspectors were engaged in commerce or in the production of goods for commerce.

21. Kinder Morgan treated all their Day Rate Inspectors (including Oates) as employees by setting their work schedules, controlling their job assignments, withholding taxes from their pay, and maintaining their personnel records.

**FACTS**

22. Kinder Morgan is "one of the largest energy infrastructure companies in North America."[2]

23. Oates and the Day Rate Inspectors perform construction inspection services for Kinder Morgan.

---

[2] https://www.kindermorgan.com/pages/business/gas_pipelines/north_midstream/default.aspx

24. On a day-to-day basis Oates and the Day Rate Inspectors reported to and took their working orders from Kinder Morgan.

25. Kinder Morgan's Day Rate Inspectors, including Oates, typically work more than 40 hours a week.

26. Indeed, Kinder Morgan's Day Rate Inspectors often worked 12 hour shifts for 6 to 7 days per week.

27. Kinder Morgan paid all their Day Rate Inspectors pursuant to their day rate pay plan with no additional compensation for overtime hours regardless of the number of hours worked that workweek.

28. In May of 2017 Oates began working for Kinder Morgan as an Inspector including substantial time spent working in Sayre, Beckham County, Oklahoma.

29. As an Inspector Oates was responsible for inspecting horizontal gas pipelines, repairing inline liquid containers, and communicating and providing inspection reports to Kinder Morgan.

30. Kinder Morgan's records reflect the hours Oates worked each workweek and pay period.

31. Kinder Morgan paid Oates a flat daily rate for each day he worked.

32. Kinder Morgan also gave Oates a daily per diem that it did not count as wages paid.

33. Kinder Morgan never guaranteed Oates a minimum salary per week.

34. Although he often worked more 80 or more hours per workweek, Kinder Morgan never paid Oates any overtime but, rather, paid him only his flat daily rate for all hours worked.

35. All Kinder Morgan's Day Rate Inspectors perform duties like those Oates performed including inspecting horizontal gas pipelines, repairing inline liquid containers, and communicating and providing inspection reports to Kinder Morgan personnel.

36. The Day Rate Inspectors worked similar hours and are denied overtime as a result of the same illegal day rate pay plan.

37. All Kinder Morgan's Day Rate Inspectors regularly worked in excess of 40 hours in a workweek.

38. Instead of paying Day Rate Inspectors overtime, Kinder Morgan paid them only their flat daily rate for all their working hours including those in excess of 40 in a workweek.

39. As a result, Kinder Morgan failed to pay the Day Rate Inspectors proper overtime compensation for hours worked in excess of 40 in a workweek.

### FLSA VIOLATIONS

40. Kinder Morgan's day rate pay plan violates the FLSA because Oates and the other Day Rate Inspectors did not receive overtime pay for hours worked over 40 in a week.

41. Kinder Morgan knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

42. Kinder Morgan's failure to pay overtime compensation to the Day Rate Inspectors was not based on any reasonable interpretation of the law.

43. Nor was Kinder Morgan's decision not to pay overtime made in good faith.

44. Accordingly, Oates and all those who are similarly situated are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorney's fees, and costs.

### COLLECTIVE ACTION ALLEGATIONS

45. Numerous employees have been denied overtime by Kinder Morgan's day rate pay plan.

46. From his observations and experience working for Kinder Morgan, Oates is aware that Kinder Morgan's illegal practices or policies have been imposed on the Day Rate Inspectors.

47. The Day Rate Inspectors all regularly worked in excess of 40 hours per week and received only their flat daily rates for all hours worked.

48. These employees are similarly situated to Oates in terms of *relevant* job duties, pay provisions, and employment practices.

49. Kinder Morgan's failure to pay overtime as required by the FLSA results from a generally applicable, systematic pay plan that is not dependent on the personal circumstances of the Day Rate Inspectors.

50. Thus, Oates's experiences are typical of the experiences of the Day Rate Inspectors.

51. The specific job titles or precise job locations of the various Day Rate Inspectors do not prevent collective treatment.

52. All Day Rate Inspectors, regardless of their precise job requirements or rates of pay, are entitled to overtime for hours worked in excess of 40 in a week.

## JURY DEMAND

53. Oates demands a trial by jury.

## RELIEF SOUGHT

54. Wherefore, Oates prays for:

   (a) an order allowing Oates's FLSA claims to proceed as a collective action and directing notice to the other Day Rate Inspectors;

   (b) judgment finding Kinder Morgan in violation of the FLSA;

   (c) judgment finding Kinder Morgan liable to Oates and the Day Rate Inspectors for unpaid overtime, and an equal amount of liquidated damages;

   (d) judgment awarding Oates and the Day Rate Inspectors reasonable attorney's fees and costs of this action;

   (e) judgment awarding Oates and the Day Rate Inspectors pre- and post-judgment interest at the highest rates allowed by law; and

   (f) such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
OK Fed. I.D. No. 14-145
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor A. Jones**
Texas Bar No. 24107823
*(pro hac vice application forthcoming)*
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
*(pro hac vice application forthcoming)*
**Michael K. Burke**
Texas Bar No. 24012359
*(pro hac vice application forthcoming)*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com
mburke@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**