# EXHIBIT 1

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

1.      This Confidential Settlement Agreement and Release (the "Settlement Agreement") is entered into between David Oates ("Oates") on the one hand, and Kinder Morgan Energy Partners, LP, on the other hand ("Kinder Morgan") (hereinafter, all together as the "Parties"), subject to the approval of the Court (as defined herein).

## RECITALS

2.      Oates, individually and on behalf of the Settlement Class (as defined herein), asserts in the Action (as defined herein) that Kinder Morgan failed to pay proper overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

3.      As a result of the Parties' arms'-length negotiations and mediation with an experienced wage and hour mediator, Michael Russell, the Parties have agreed to settle this Action according to the terms of this Settlement Agreement.

4.      Class Counsel (as defined herein) has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In entering into this Settlement Agreement, Class Counsel has considered: (a) the facts developed in litigation and during the Parties' ADR process and the law applicable thereto; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Kinder Morgan; and (c) the desirability of consummating this settlement according to the terms of this Settlement Agreement. Oates has concluded that the terms of this Settlement Agreement are fair, reasonable and adequate, and that it is in the best interests of himself and the Settlement Class to settle their claims against Kinder Morgan pursuant to the terms set forth herein.

5.      Kinder Morgan denies the allegations in the Action and denies that it engaged in any wrongdoing or violation of law. Kinder Morgan is entering into this Settlement Agreement because it will eliminate the burden, risk, and expense of further litigation. Neither this Settlement Agreement nor any document referred to herein, nor any action taken to carry out this Settlement Agreement, may be used in any way as an admission, concession or indication by or against Kinder Morgan of any fault, wrongdoing, or liability whatsoever, including any concession that certification of a class other than for purposes of this Settlement Agreement would be appropriate in the Action or any other case.

6.      The Parties recognize that notice to the Settlement Class of the material terms of this Settlement Agreement, as well as Court approval of this Settlement Agreement, are required to effectuate the Settlement Agreement, and that the Settlement Agreement will not become operative until the Court grants approval of it and the Settlement Agreement becomes effective.

7.      The Parties stipulate and agree that, solely for settlement purposes, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b) are met. Should this Settlement Agreement not become final, such stipulation to collective action certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

1

8.      In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the approval of the Court and the other conditions set forth herein, that Oates and the Participating Settlement Class Members' (as defined herein) lawsuit against Kinder Morgan shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Released Claims (as defined herein) shall be finally and fully compromised, settled, and dismissed as to the Releasees (as defined herein), in the manner and upon the terms and conditions set forth herein.

## DEFINITIONS

9.      The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.      "**Action**" means the matter of *David Oates v. Kinder Morgan Energy Partners, LP*, Case No. 5:19-CV-01171-SLP, an action that was filed in the United States District Court for the Western District of Oklahoma.

b.      "**Approval Order**" means the Court's approval order approving the terms and conditions of this Settlement Agreement.

c.      "**Class Counsel**" means Josephson Dunlap, LLP, Bruckner Burch, PLLC, and Whitten Burrage.

d.      "**Class Period**" means three years plus an additional 87 days that preceded the earlier of (a) the date the Settlement Class Member filed or otherwise opted-in to the Action, or (b) the date of the Approval Order.

e.      "**Court**" means the United States District Court for the Western District of Oklahoma.

f.      "**Kinder Morgan's Counsel**" means Littler Mendelson, PC and Gable Gotwals.

g.      "**Effective Date**" means the first business day following the Court's Approval Order.

h.      "**Fee Award**" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they provided to Oates and the Settlement Class in the Action. The Fee Award to Class Counsel shall not exceed the gross amount of **$1,373,750.00** and shall be paid subject to an IRS Form 1099.

i.      "**Gross Settlement Amount**" means the maximum amount that Kinder Morgan shall potentially pay as provided for in this Settlement Agreement, in exchange for the release of all Released Claims by Oates and the Participating Settlement Class Members, which is the sum of $3,925,000.00, excluding the employers' share of federal and state payroll taxes. In no event shall the Gross Settlement Amount exceed this sum.

4812-1849-4439.1 / 106150-1001

    j.  "**Kinder Morgan Entities**" means Kinder Morgan, and its parents, shareholders, partners, subsidiaries, holding companies, affiliates, predecessors, successors, and joint venture parties.

    k.  "**Net Settlement Amount**" means the Gross Settlement Amount less: (i) the payment of attorneys' fees to Class Counsel, not to exceed **$1,373,750.00**, which is 35% of the Gross Settlement Amount; (ii) out-of-pocket costs incurred by Class Counsel, which the Parties have agreed shall not exceed **$30,000.00**; (iii) the Settlement Administrator's (as defined herein) costs related to administering this Settlement Agreement, which the Parties have agreed shall not exceed **$30,000.00;** and (iv) the Service Award to Oates in an amount not to exceed **$7,500.00**.

    l.  "**Notice Deadline**" means the date **seventy-five (75) days** after the Notice of Settlement (as defined herein) is initially mailed by the Settlement Administrator to the Settlement Class Members. Settlement Class Members shall have until the Notice Deadline to return an executed Claim Form to the Settlement Administrator to participate in this Settlement.

    m.  "**Notice of Settlement**" means the notice to the Settlement Class Members with a Claim Form substantially in the form as <u>Exhibit A</u>.

    n.  "**Participating Settlement Class Members**" means all Settlement Class Members who return an executed Claim Form to the Settlement Administrator by the Notice Deadline.

    o.  "**Released Claims**" means any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities, against Releasees (as defined herein) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or any other compensation and relief arising under the FLSA and any other state or local wage-related law applicable to the work performed for Kinder Morgan Entities through one or more of the Vendor Companies (as defined herein) during the Class Period. Released Claims expressly do not include any claims that any Participating Settlement Class Member may have related to work performed on Kinder Morgan Entities' projects on behalf of a vendor other than the Vendor Companies as defined herein.

    p.  "**Releasees**" means Kinder Morgan Energy Partners, LP, and all of their past, present, and future officers, owners, directors, principals, agents, employees, representatives, parents, shareholders, partners, subsidiaries, holding companies, affiliates, predecessors, successors, assigns, insurers, joint venture parties, and related companies, in their individual and corporate capacities. Releasees expressly excludes the Vendor Companies (as defined herein).

    q.  "**Service Award**" means the payment that the Court authorizes to be paid to Oates from the Gross Settlement Amount for his service in bringing and prosecuting this case and in consideration of the general release set forth herein Paragraph 10(a). The Service Award to Oates shall not exceed the gross amount of **$7,500.00** and shall be paid subject to an IRS Form 1099.

    r.  "**Settlement Administrator**" means CPT Group.

s.      "**Settlement Administration Costs**" means the costs related to administering this Settlement Agreement to be paid to the Settlement Administrator from the Gross Settlement Amount, which the Parties have agreed shall not exceed **$30,000.00**.

t.      "**Settlement Award**" means the payment that each respective Participating Settlement Class Member shall be entitled to receive pursuant to the terms of this Settlement Agreement. The gross amount of each respective Settlement Award shall be divided equally between two checks, one for wages to be reported on an IRS Form W-2, and one for non-wages to be reported on an IRS Form 1099.

u.      "**Settlement Class**" or "**Settlement Class Members**" means approximately 1,370 individuals who were generally supplied by one or more of the Vendor Companies (as defined herein) to work on any of the Kinder Morgan Entities' projects during the Class Period.

v.      "**Settlement Award Checks**" means the checks for each Settlement Class Member's Settlement Award.

w.      "**Vendor Companies**" means (i) 3B Inspection, LLC; (ii) International Inspecting, Inc. d/b/a 3I; (iii) FIS Operations, LLC d/b/a Frontier Integrity Solutions; (iv) Table Rock Survey, LLC d/b/a Integrated Consulting & Inspection LLC; (v) Natural Energy Field Services, LLC; (vi) NV5, LLC; (vii) Onshore Quality Control Specialists, LLC; (viii) Platte River Inspection Services; (ix) Cleveland Integrity Services, Inc.; and (x) Kestrel Field Services, Inc.

## RELEASES

10.     **Release**. In consideration of the benefits to be received by Oates and the Participating Settlement Class Members under this Settlement Agreement, upon the Effective Date as follows:

a.      Oates shall be deemed to have released and forever discharged Releasees from any and all Released Claims, and, in addition, shall be deemed to have released Releasees from any and all claims, demands, rules or regulations, or any other causes of action of whatever nature, whether known or unknown, including but not limited to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; The Genetic Information Nondiscrimination Act of 2008 (GINA); The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan); The Civil Rights Act of 1991; The Immigration Reform and Control Act; The Americans with Disabilities Act of 1990; The Family and Medical Leave Act; The Equal Pay Act; or any allegation for costs, fees, interest, or other expenses including attorneys' fees incurred in any matter; or any and all claims for bonuses, commissions or any claims for incentive compensation of any type, whether under common law or policy or contract, and any other federal, state or local human rights, civil rights, wage-hour, pension or labor laws, rules and/or regulations, public policy, any and all claims that were asserted or that could have been asserted in the Action, any claim for breach of contract or tort laws, or any claim arising under common law, such as, without limitation, claims for malicious prosecution, misrepresentation, defamation, false imprisonment, libel, slander, invasion of privacy, negligence, claims based on theories of strict liability or *respondeat superior*, infliction of emotional distress, or otherwise, or any other action

4

or grievance against the Releasees based upon any conduct occurring up to and including the date of the Court's Approval Order. Oates irrevocably waives any right to monetary recovery from the Releasees, whether sought directly by them or in the event any administrative agency or other public authority, individual, or group of individuals should pursue any claim on their behalf. Notwithstanding the previous sentence, this Settlement Agreement does not limit Oates's right to receive an award or payment from a government agency (and not Kinder Morgan) for information provided to any government agency.

b.      The Participating Settlement Class Members shall be deemed to have released and discharged the Releasees from the Released Claims.

c.      Notwithstanding any other provision of this Settlement Agreement, this release does not (i) waive or release any claim for breach or enforcement of this Settlement Agreement; (ii) waive or release any right or claim that may not be waived or released by applicable law; or (iii) prevent any Participating Settlement Class Member from pursuing any administrative claim for unemployment compensation or workers' compensation benefits. Nothing in this Settlement Agreement precludes any Participating Settlement Class Member from (i) reporting to, responding to an inquiry from, filing a charge or complaint with, communicating with or providing information to, contacting, or cooperating with an investigation conducted by, the Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission, or any other federal, state, or local governmental agency, commission, or regulatory body; (ii) providing information about this Settlement Agreement to his/her spouse, attorney, or accountant, or tax advisor (if any); (iii) making disclosures or giving truthful testimony as required by law or valid legal process (such as by a subpoena or administrative order); or (iv) engaging in any concerted or other legally-protected activities.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

11.     The Parties agree to the following procedures for obtaining approval of the Settlement Agreement, certifying the Settlement Class for the purpose of settlement only, and notifying the Settlement Class of this settlement:

a.      **Request for Class Certification and Approval Order**. Within **fourteen (14) calendar days** of execution of this Settlement Agreement, Oates shall file a Motion for Approval of Settlement Agreement, requesting that the Court (i) approve the Settlement Agreement, (ii) certify the Settlement Class pursuant to 29 U.S.C. § 216(b) for settlement purposes only, and (iii) approve the Notice form attached as Exhibit A.

b.      **Class Data**. Kinder Morgan has made an initial request to the Vendor Companies for the Settlement Class Members' names, last known addresses, phone numbers, email addresses, and dates of work, including the weeks worked (herein after, "**Class Data**"). Kinder Morgan shall not oppose or otherwise object to Class Counsel's reasonable efforts to subsequently secure the Class Data from the Vendor Companies through subpoena or otherwise if necessary. The Parties will work cooperatively to timely provide the Class Data to the Settlement Administrator.   With the exception of first name, middle initial and last name, dates of employment, Vendor Companies, last known phone number and the data necessary to calculate

5

damages, the Settlement Members' contact information for purposes of providing Notice herein for Settlement Class Members shall be provided to the Settlement Administrator, and not Class Counsel.

        c.    **Verification of Class Data**. In order to provide the best notice practicable, the Settlement Administrator and Class Counsel, prior to the Settlement Administrator mailing the Notice of Settlement, shall take all steps reasonably necessary to verify the Class Data, including utilizing skip tracing, running the list of Settlement Class Members through the U.S. Postal Service's National Change of Address database ("NCOA"), conducting online research, and making phone calls to Settlement Class Members.

        d.    **Notice**. The Settlement Administrator shall be responsible for preparing, printing, and sending the Notice of Settlement to all Settlement Class Members. Within **sixty (60) calendar days** of the date of the Court's Approval Order, the Settlement Administrator shall send the Settlement Notice to all Settlement Class Members via First Class U.S. Mail, email, and text message. **Thirty (30) calendar days** after the initial mailing and **sixty (60) calendar days** after the initial mailing, the Settlement Administrator shall send an identical reminder Settlement Notice to all Settlement Class Members via First Class U.S. Mail, email, and text message. Settlement Administrator shall ensure that automated reminder features associated with the notices described herein are deactivated. Class Counsel shall also be permitted to make a single scripted telephone call to the Settlement Class Members to confirm receipt of the Settlement Notice. Any Notice of Settlement and Settlement Award Checks returned to the Settlement Administrator with a forwarding address shall be re-mailed by the Settlement Administrator within **five (5) calendar days** following receipt of the returned mail. If any Notice of Settlement is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts such as skip traces to search for the correct address within **five (5) calendar days** and shall re-mail the Notice of Settlement to any newly found addresses within **five (5) calendar days** of finding the new address(es).

        e.    The Settlement Administrator will provide weekly reports to counsel for the Parties regarding the status of the mailing of the Notice of Settlement and the claims administration process.

        f.    Class Counsel and Kinder Morgan's Counsel have the right to make inquiries and receive any information from the Settlement Administrator related to the claims administration process.

    12.    **Interim Report by the Settlement Administrator**. Within **five (5) calendar days** after the Notice Deadline, the Settlement Administrator shall confirm (i) the total number of Settlement Class Members who were sent the Notice of Settlement; and (ii) the total number of Settlement Class Members who timely returned a Claim Form.

    13.    **Dismissal of the Action.** The Court Approval Order shall incorporate a provision dismissing the Action, including Oates's claims and the claims of Participating Settlement Class Members, with prejudice.

**SETTLEMENT FUNDS AND AWARD CALCULATION**

14.     **Gross Settlement Amount**.

a.      **Funding.** No later than **thirty (30) calendar days** before the Settlement Administrator sends Participating Settlement Class Members their Settlement Awards, Kinder Morgan shall wire to the Settlement Administrator the Gross Settlement Amount up to **$3,925,000.00** plus any amounts necessary to fund the employer's share of payroll taxes.

b.      **Disbursement by Settlement Administrator**. All disbursements shall be made from an IRS-qualified settlement fund set up by the Settlement Administrator (hereinafter, "**Qualified Settlement Fund**"). The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

c.      **Interest**. The interest on the funds deposited by Kinder Morgan will inure *pro rata* to the party or persons to whom the underlying funds are ultimately paid out.

d.      **Payroll Taxes.** Kinder Morgan's share of federal and state payroll taxes shall be determined and paid by the Settlement Administrator.

15.     **Payments**. Subject to the Court's Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

a.      **Service Award to Plaintiff Oates**. Plaintiff David Oates shall receive **$7,500.00** for his efforts in bringing and prosecuting the Action, and in consideration of the general release set forth above in Paragraph 10(a). The Qualified Settlement Fund shall issue an IRS Form 1099 for this payment. Oates shall be solely and legally responsible for all taxes on this service award. The Settlement Administrator shall pay the Court-awarded Service Award to Oates no later than **five (5) calendar days** following Kinder Morgan funding the Gross Settlement Amount.

b.      **Attorneys' Fee Award**.

(i)     Class Counsel shall receive attorneys' fees in an amount of **$1,373,750.00**, which is 35% of the Gross Settlement Amount and will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the settlement, securing Court approval of the settlement, making sure that the settlement is fairly administered and implemented, and obtaining final dismissal of the settled claims.

(ii)    The attorneys' Fees Award paid by Kinder Morgan pursuant to this Settlement Agreement shall constitute full satisfaction of Kinder Morgan's obligations to pay amounts to any person, attorney or law firm for attorneys' fees in the Action on behalf of Oates and/or any Participating Settlement Class Member, and shall relieve Kinder Morgan from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Oates or any Participating Settlement Class Member.

(iii)     An IRS Form 1099 shall be provided to Class Counsel for the Attorneys' Fee Award payment made to Class Counsel. Each firm constituting Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to that firm.

(iv)     The Settlement Administrator shall pay the Court-awarded Attorneys' Fee Award to Class Counsel no later than **five (5) calendar days** following Kinder Morgan funding the Gross Settlement Amount.

c.     **Case Expenses**. Class Counsel's out-of-pocket costs are estimated not to exceed **$30,000.00** and shall be paid from the Gross Settlement Amount. In the event Class Counsel's out-of-pocket costs are less than $30,000.00, the difference shall be redistributed and paid on a *pro rata* basis to the Participating Settlement Class Members. An IRS Form 1099 shall be provided to Class Counsel for the Case Expenses payment made to Class Counsel. The Settlement Administrator shall pay the Court-awarded Case Expenses to Class Counsel no later than **five (5) calendar days** following Kinder Morgan funding the Gross Settlement Amount.

d.     **Settlement Administration Costs**. The Settlement Administration Costs to be paid to the Settlement Administrator shall not exceed **$30,000.00**. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the settlement.

e.     **Settlement Awards to Participating Settlement Class Members**. Settlement Awards shall be made to Participating Settlement Class Members as set forth below.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

16.     **Settlement Award Eligibility**. All Participating Settlement Class Members shall be paid a Settlement Award from the Net Settlement Amount. The allocation amounts set forth below are estimates only and are subject to revision after receiving final Class Data from the Vendor Companies.  These estimates are based on the Parties' current belief that there are approximately 1,370 Settlement Class Members who worked an estimated 40,000 overtime weeks during the Class Period.  The Settlement Award will be based on each Settlement Class Members' estimated overtime weeks multiplied by the fixed work week value.  The fixed work week value will be determined by dividing the Net Settlement Amount by the estimated 40,000 overtime work weeks at issue.  It is estimated that the fixed work week value will be $62.09.  This represents the net value of each overtime work week for Defendant's share of potential damages.

17.     Fifty percent (50%) of each Settlement Award to Participating Settlement Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment taxes and withholdings as required by law with respect to 50% of each Settlement Award distributed, and the Settlement Administrator shall pay Kinder Morgan's customary employer share of all required federal and state payroll taxes on such amounts. Federal withholding shall be at the 22% supplemental wage tax rate. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to federal or state withholdings. Each Participating Settlement Class Member

8

shall be solely and legally responsible to pay all taxes on the non-wage penalties and liquidated damages portion of the Settlement Award.

18.     The Settlement Administrator shall provide counsel for the Parties with a final report of all proposed Settlement Awards, no more than **five (5) calendar days** following the completion of Funding.

19.     The Settlement Administrator shall mail all Settlement Awards to Participating Settlement Class Members within **sixty (60) calendar days** of the Notice Deadline. The Settlement Administrator shall then provide a written certification of such payments to counsel for the Parties within **five (5) calendar days** of mailing all Settlement Awards to Participating Settlement Class Members.

20.     All Settlement Award checks shall remain valid and negotiable for **ninety (90) days** from the date the Settlement Administrator sends the Settlement Award Checks to the Participating Settlement Class Members and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. All funds from checks not cashed will revert to the Qualified Settlement Fund. The Settlement Administrator will include with each mailed check a letter stating that the check must be cashed or deposited within **ninety (90) days** or it will be cancelled and deemed void and of no further effect.

21.     **Remaining Monies**. If at the conclusion of the 90-day check void period set forth in Paragraph 21 there are any monies remaining in the Qualified Settlement Fund, those remaining monies shall be paid to Kinder Morgan within **fifteen (15) business days** following that check void period.

22.     **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement**. No person shall have any claim against the Releasees, Oates, the Settlement Class Members, Class Counsel, Kinder Morgan's Counsel, or the Settlement Administrator based on distributions or payments made in accordance with this Settlement Agreement.

## MISCELLANEOUS

23.     **Kinder Morgan's Legal Fees.** Kinder Morgan's legal fees and expenses in the Action shall be borne by Kinder Morgan.

24.     **Nullification of the Settlement Agreement.** In the event: (a) the Court does not approve the Settlement Agreement as provided herein; or (b) the Settlement Agreement does not become final for any other reason; this Settlement Agreement shall be null and void and the Parties shall be returned to their respective statuses as of the date immediately prior to the execution of this Settlement Agreement. If this occurs, the Parties shall make reasonable efforts to cure the alleged deficiencies in this Settlement Agreement identified by the Court and resubmit a revised Settlement Agreement to the Court for approval.

25.    **Inadmissibility of Settlement Agreement.** Except for purposes of settling the Action, neither this Settlement Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

26.    **Computation of Time.** For purposes of this Settlement Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day.

27.    **Tax Indemnification.** Oates and Participating Settlement Class Members agree to pay any taxes found to be owed from payments made pursuant to this Settlement Agreement and to hold the Releasees harmless from any claims, assessments, demands, penalties and interest found to be owed as a result of any payment made pursuant to this Settlement Agreement. Oates and the Participating Settlement Class Members do not indemnify and hold harmless the Releasees from any claims, assessments, demands, penalties and interest found to be owed for time worked for Kinder Morgan arising out of payments/compensation previously made.

28.    **Amendment or Modification.** This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

29.    **Entire Settlement Agreement.** This Settlement Agreement constitutes the entire agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any party concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Settlement Agreement.

30.    **Authorization to Enter Into Settlement Agreement.** Counsel for all Parties are expressly authorized by the Parties whom they represent to enter into this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Settlement Agreement.

31.    **Binding on Successors and Assigns.** This Settlement Agreement shall be binding upon, and inure to the benefit of Oates, Kinder Morgan, and the Participating Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize.

32.    **Counterparts.** This Settlement Agreement may be executed in one or more counterparts, including by facsimile, email, and/or electronic signature. All executed counterparts and each of them shall be deemed to be one and the same instrument.

33.    **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Settlement Agreement; hence the drafting of this Settlement Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Settlement Agreement were negotiated at arms' length and in good faith by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

34.    **Offset & Contribution Protection**.  The Parties agree that if one or more Participating Settlement Class Members asserts a claim against one or more Vendor Companies for the same inspector work performed during the Class Period for the benefit of Kinder Morgan Entities, the amount of such damages sought or recoverable from one or more Vendor Companies shall be reduced by the sum of any payment made to such Participating Settlement Class Members herein. The Parties agree that this Settlement Agreement is intended to constitute a complete discharge of any and all liability of Kinder Morgan Entities to Participating Settlement Class members and result in a reduction of the damages recoverable from the Vendor Companies to the fullest extent permitted by applicable law.

35.    **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for this purpose.

38.    **Confidentiality.** The Parties, including Oates, Kinder Morgan, and the Participating Settlement Class Members, agree that this Agreement shall be confidential and that all filings and hearings related to the Agreement shall be under seal, subject to approval of the Court. Class Counsel shall take all additional necessary steps to ensure that the Agreement is filed under seal and kept confidential. The Parties agree that confidentiality is a material term of the Agreement.

39.    **Non-Publicity.** The Parties and their counsel agree not to publicize or publish the fact or terms of this settlement via television, radio newspaper, internet, social media,[1] web, magazine, journal, report, pamphlet, book, news/press release, billboard, public posting, or any other media outlet.

**\*\*\*REST OF PAGE LEFT INTENTIONALLY BLANK\*\*\***
**\*\*\*SIGNATURE PAGE FOLLOWS\*\*\***

---

[1]    "Social Media" means any form of electronic communication (such as Web sites for social or professional networking and blogging) through which users create online communities to share information, ideas, personal messages, opinions and other content, such as videos. This includes, without limitation, Facebook, Twitter, LinkedIn and Instagram.

4812-1849-4439.1 / 106150-1001

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:

**NAMED**
**PLAINTIFF:**

*David Oates*
David Oates (Apr 28, 2021 17:54 CDT)
_____

Date: Apr 28, 2021
_____

David Oates

**CLASS**
**COUNSEL:**

_____

Date: _____

By: _____

**DEFENDANT**
**KINDER**
**MORGAN:**

_____

Date: _____

By: _____

**KINDER**
**MORGAN'S**
**COUNSEL:**

_____

Date: _____

By: _____

4812-1849-4439.1 / 106150-1001

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:


**NAMED**
**PLAINTIFF:** _____     Date: _____
David Oates


**CLASS**
**COUNSEL:**   *Michael A. Josephson*
Michael A. Josephson (Apr 28, 2021 17:37 CDT)                Date: Apr 28, 2021
                    By: Michael A. Josephson
                        _____


**DEFENDANT**
**KINDER**
**MORGAN:**   _____     Date: _____

                    By: _____


**KINDER**
**MORGAN'S**
**COUNSEL:**   _____     Date: _____

                    By: _____


12

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:

**NAMED PLAINTIFF:** _____     Date: _____
David Oates

**CLASS COUNSEL:** _____     Date: _____

By: _____

**DEFENDANT KINDER MORGAN:** *Corey Staab*     Date: 4/28/2021

By: *Corey Staab*

**KINDER MORGAN'S COUNSEL:** _____     Date: _____

By: _____

12

IN WITNESS WHEREOF, the Parties and their counsel have executed this Settlement Agreement as follows:


**NAMED PLAINTIFF:** _____   Date: _____
David Oates


**CLASS COUNSEL:** _____   Date: _____

By: _____


**DEFENDANT KINDER MORGAN:** _____   Date: _____

By: _____


**KINDER MORGAN'S COUNSEL:** _____   Date: 6/24/01

By: _____


12

**EXHIBIT A**

---

### ***OFFICIAL, COURT AUTHORIZED NOTICE***

### ***THIS IS NOT AN ADVERTISEMENT FROM A LAWYER***

---

### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. OATES, Individually and on Behalf of Others Similarly Situated, | Case No.: 5:19-CV-01171-SLP |
| v. | Jury Trial Demanded |
| KINDER MORGAN ENERGY PARTNERS, L.P. | |

**To:**  «First_Name» «Last_Name»

**Re:**  **Your Right to Overtime Pay from a Settlement with Kinder Morgan Energy Partners, LP**

### <u>NOTICE OF COLLECTIVE ACTION SETTLEMENT AND YOUR OPT-IN RIGHTS</u>

TO:   [Class Member Name]
      [Address]
      [Address]

### PLEASE READ THIS NOTICE CAREFULLY.

You received this Notice because the Court in charge of this Lawsuit has agreed that this Notice should be sent to persons who are identified as current or former Inspectors who were provided to work on Kinder Morgan projects by one or more of the Vendor Companies listed below and allegedly paid a day rate while working on Kinder Morgan's projects. This Notice is intended to provide you with information in connection with the current settlement of the above-captioned Lawsuit against Kinder Morgan Energy Partners, LP ("Kinder Morgan").

<u>Vendor Companies include:</u> (i) 3B Inspection, LLC; (ii) International Inspecting, Inc. d/b/a 3I; (iii) FIS Operations, LLC d/b/a Frontier Integrity Solutions; (iv) Table Rock Survey, LLC d/b/a Integrated Consulting & Inspection LLC; (v) Natural Energy Field Services, LLC; (vi) NV5, LLC; (vii) Onshore Quality Control Specialists, LLC; (viii) Platte River Inspection Services; (ix) Cleveland Integrity Services, Inc.; and (x) Kestrel Field Services, Inc.

This Notice is intended to advise you of how your rights under the Fair Labor Standards Act ("FLSA") may be affected by this Lawsuit and describe how to participate in this settlement, if you want to.

BECAUSE YOU FIT THE CLASS DEFINITION, **YOU ARE ELIGIBLE TO RECEIVE MONEY FROM THE COURT-APPROVED SETTLEMENT IN THIS CASE, AS DESCRIBED BELOW, IN THE SUM OF [SETTLEMENT SHARE]. IF YOU WISH TO PARTICIPATE IN THIS SETTLEMENT, YOU MUST RETURN THE ATTACHED CLAIM FORM AND SUBSTITUTE W-9 BY [75 DAYS FROM MAILING].**

| **1.** | **Why Should You Read This Notice?** |
|---|---|

This Notice explains the Lawsuit, the key settlement terms, and your right to share in the monetary proceeds of this settlement. The United States District Court for the Western District of Oklahoma has approved the settlement as fair and reasonable, but it is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted by the Parties.

| **2.** | **What Is the Lawsuit About and Why Was this Notice Sent?** |
|---|---|

An Inspector filed this Lawsuit on behalf of himself and other Inspectors who worked on Kinder Morgan projects who were allegedly paid a day rate with no overtime. Plaintiff alleges that Kinder Morgan was his employer under the FLSA and did not pay him or other Inspectors the proper amount of overtime for all hours worked over forty hours each week. In addition to unpaid overtime, Plaintiff through the Lawsuit is seeking liquidated (double) damages equal to his unpaid overtime, attorneys' fees, and costs.

Kinder Morgan denies Plaintiff's allegations and has asserted various defenses. Kinder Morgan denies all liability but believes this settlement is a business solution to this dispute.

The Court has not decided who is right, but has authorized this Notice to inform you of your rights related to this lawsuit.

The Parties investigated the facts and have made a thorough study of the legal principles applicable to the claims asserted in the litigation. Based upon their investigation, legal evaluation, and taking into account the contested legal and factual issues involved, including the assessment of the uncertainties of litigation and the relative benefits conferred upon the Plaintiff and the putative class pursuant to the attached Settlement Agreement, the Parties concluded that the settlement on the terms set forth in the attached Settlement Agreement are fair, reasonable, adequate, and in the best interests of the Plaintiff and the putative class.

The Parties submitted the Settlement Agreement to the Court, which approved the Settlement Agreement on [APPROVAL DATE].

### 3.     What are the Terms of the Settlement and How Much Can I Expect To Receive if I Opt-In?

A gross settlement amount will be paid by Kinder Morgan to settle this matter. The Parties requested the Court approve payment from this fund for settlement payments, attorneys' fees, costs, and expenses, and a Service Payment to Plaintiff Oates.

All Settlement Class Members are eligible to receive a *pro rata* share of the Net Settlement Amount. Your share of the Settlement ("Settlement Award") has been calculated to be [insert settlement share].  This settlement share is based on the estimated number of overtime weeks you worked during the Class Period x $_____(fixed work week value).

The portion of each final settlement payment allocated to claims of unpaid overtime and other claims for unpaid wages will be subject to authorized or required deductions, including employee-paid payroll tax withholdings required by law, garnishments, and tax liens. The final settlement payment will be divided with fifty-percent of the final settlement payment being reported on an IRS Form W-2 as wages and fifty-percent of the final settlement payment being reported on an IRS Form 1099 for liquidated damages.

The Settlement Administrator will deduct applicable employee payroll taxes and withholdings from one-half of each Settlement Class member's Settlement Award. It will make no deductions from the other half, but this payment will be reported on an IRS Form 1099 as set forth in the Settlement Agreement.

If you submit a Claim Form and Confidential W-9 by [75 DAYS FROM MAILING], you will receive a Settlement Award. You will have 90 days to cash your checks that will be sent to you by the Settlement Administrator. If at the conclusion of the 90-day check void period, there are any uncashed checked, the monies will be returned to Kinder Morgan.

By submitting your Claim Form, you will be agreeing to the following release of claims:

Released Claims include any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities against Releasees (as defined below) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or any other compensation and relief arising under the FLSA and any other state or local wage-related law applicable to the work performed for Kinder Morgan Entities through one or more of the Vendor Companies  during the Class Period (as defined in the Agreement). Released Claims expressly do not include any claims that you may have related to work performed on Kinder Morgan Entities' projects on behalf of a vendor other than the Vendor Companies as defined herein.  "Releasees" means Kinder Morgan Energy Partners, LP, and all of their past, present, and future officers, owners, directors, principals, agents, employees, representatives, parents, shareholders, partners, subsidiaries, holding companies, affiliates, predecessors, successors, assigns, insurers, joint venture parties, and related parties in their individual and corporate capacities. Releasees expressly excludes the Vendor Companies.

If you elect to participate, you will <u>only</u> be releasing Kinder Morgan from liability. You will not be releasing any of the Vendor Companies from liability for unpaid overtime wages. This means that you might be able to pursue any remaining wage and hour claims for additional compensation due to you against any of the Vendor Companies in a separate proceeding subject to any offset for settlement funds that you received from Kinder Morgan in this lawsuit.

It is your responsibility to keep a current address on file with the Settlement Administrator to ensure receipt of your Settlement Award. If you fail to keep your address current, you may not receive your Settlement Award.

| 4. | What Are My Rights? |
|---|---|

- Participate in the Settlement and receive a Settlement Award by returning a fully executed Claim Form and Confidential W-9 by [**75 DAYS FROM MAILING**] via mail, fax, or email to:

  [**SETTLEMENT ADMIN CONTACT INFO**]

- Do nothing and receive no compensation.

| 5. | Can Kinder Morgan Retaliate Against Me for Participating in this Lawsuit? |
|---|---|

No. Your decision as to whether or not to participate in this Settlement will in no way affect your ability to perform work for Kinder Morgan.

| 6. | Who Are the Attorneys Representing Plaintiff and the Settlement Class? |
|---|---|

As part of the Court's approval of the Settlement, the Court appointed the following attorneys as Settlement Class Counsel:

| | |
|---|---|
| Michael Josephson | Rex Burch |
| Taylor A. Jones | Bruckner Burch, P.L.L.C. |
| Josephson Dunlap Law Firm | 11 Greenway Plaza |
| 11 Greenway Plaza | Suite 3025 |
| Suite 3050 | Houston, Texas 77046 |
| Houston Texas 77046 | Phone: 713-877-8788 |
| Phone: 1-888-992-2990 | Email: frontdesk@brucknerburch.com |
| Email: Info@mybackwages.com | |

| 7. | How Will the Attorneys for the Settlement Class Be Paid? |
|---|---|

Kinder Morgan has agreed to pay Class Counsel's attorneys' fees and costs. You will not have to pay Class Counsel any money for their attorneys' fees or costs directly. This amount is being paid

to Class Counsel as a part of the settlement approved by the Court.

| **8.** | **Additional Information** |
|---|---|

If you need more information or have any questions about the Settlement, or would like to review the Settlement Agreement, you may contact the Class Counsel at the telephone number or email listed in the preceding section. Please refer to the Kinder Morgan Settlement. This Notice only summarizes the Lawsuit, the Settlement, and related matters.

**THIS SETTLEMENT NOTICE IS AUTHORIZED BY UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA. PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

DAVID M. OATES, Individually and on
  Behalf of Others Similarly Situated,

v.

KINDER MORGAN ENERGY
PARTNERS, L.P.

Case No.: 5:19-CV-01171-SLP

Jury Trial Demanded

**OFFICIAL UNPAID OVERTIME CLAIM FORM AND CONFIDENTIAL W-9**
**APPROVED BY THE COURT**

**In order to receive a Settlement Award, you must provide all of the information requested on this Claim Form AND the Substitute W-9, sign and date them, and return them to the Settlement Administrator postmarked on or before [75 DAYS FROM MAILING]. Any Claim Form and Substitute W-9 postmarked or received without a postmark after [75 DAYS FROM MAILING] will not be valid. You should mail, fax, or email these forms to the Settlement Administrator at the following address:**

**<u>Overtime Lawsuit Against Kinder Morgan</u>**
**[SETTLEMENT ADMIN CONTACT INFO]**

By completing and signing this Claim Form and in exchange for $_____, I hereby consent and agree to join this lawsuit in order to participate in the Settlement entered into by Plaintiff and Kinder Morgan that was approved by the Court. I also consent and agree to be bound by any adjudication of this action by the Court. I hereby designate Michael A. Josephson and Taylor A. Jones of Josephson Dunlap LLP and Richard J. Burch, of Bruckner Burch PLLC, to represent me in this action.

I understand that by accepting this settlement, I am agreeing to the following release of claims:

Released Claims include any and all state, local or federal claims, obligations, demands, actions, rights, causes of action and liabilities against Releasees (as defined below) for alleged unpaid wages, liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution or any other compensation and relief arising under the FLSA and any other state or local wage-related law applicable to the work performed for Kinder Morgan Entities through one or more of the Vendor Companies during the Class Period (as defined in the Agreement). Released Claims expressly do not include any claims that I may have related to work performed on Kinder Morgan Entities' projects on behalf of a vendor other than the Vendor Companies as defined herein. "Releasees" means Kinder Morgan Energy Partners, LP, and all of their past, present, and future officers, owners, directors, principals, agents, employees, representatives, parents, shareholders, partners, subsidiaries, holding

companies, affiliates, predecessors, successors, assigns, insurers, joint venture parties and related companies in their individual and corporate capacities. Releasees expressly excludes the Vendor Companies.

I further represent and warrant that nothing that would otherwise be released by signing this Claim Form has been assigned, transferred, or hypothecated or purportedly assigned, transferred, or hypothecated to any person or entity, including, but not limited to, any interest in the Lawsuit or any related action.

I understand that **ONLY** the Settlement Administrator will use the personal information supplied on my Claim Form to make settlement payments from the settlement of the Lawsuit and that it may verify the accuracy of certain facts represented on my Claim Form with information provided by the Parties in the Lawsuit.

I understand that I must keep the Settlement Administrator informed of my current home address and of any change in my address. If I do not do so, I understand that I may not receive the settlement payment that I might otherwise be entitled to receive.


_____          _____
Signature                                 Date


_____          _____
Print Name                                City, State

**Print Clearly or Type:**

Name _____   _____   _____
      First                    Middle              Last


_____
Other Names (if any) Used While Working for Kinder Morgan


_____
Current Residential Street Address

City _____   State _____   ZIP Code _____

Email _____

Telephone Numbers _____   _____
                                  Home                              Cell

## <u>CONFIDENTIAL W-9 FORM</u>

**In order to receive a Settlement Award, you must timely complete and return this Substitute W-9 Form and the Claim Form.**

---

### Substitute W-9
### Taxpayer Identification Number Certification

Enter your Social Security Number (taxpayer identification number): _____

•

Print name and address as shown on your income tax return:

_____

First Name & Middle Initial: _____   Last Name:_____

•

Address:_____

•

City: _____   State: _____   ZIP Code:_____

Under penalties of perjury, I certify that:

1.  The taxpayer identification number shown on this form is my correct taxpayer identification number, **and**

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, **and**

3.  I am a U.S. citizen or other U.S. person (including a U.S. resident alien).

**Note:** If you have been notified by the IRS that you are subject to backup withholding, you must cross out item 2 above.

Signature
of U.S. Person: _____   Date: _____

---

### RETURN THIS SIGNED SUBSTITUTE W-9 AND CLAIM FORM TO:

### <u>Overtime Lawsuit Against Kinder Morgan</u>
### [CPT, Inc.
### Kinder Morgan Overtime Settlement
### [Address to be provided by CPT, Inc.]

### THIS FORM AND THE CONSENT FORM MUST BE COMPLETED IN FULL AND MAILED, EMAILED, OR FAXED TO THE SETTLEMENT ADMINISTRATOR

**POSTMARKED ON OR BEFORE [75DAYS AFTER MAILING]**