UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. OATES, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>KINDER MORGAN ENERGY PARTNERS, LP.,<br><br>*Defendant*. | Civil Action No. 5:19-cv-01171-SLP<br><br>Judge Scott L. Palk |

## CLEVELAND INTEGRITY SERVICES, INC.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO INTERVENE

**I.   INTRODUCTION**

Cleveland Integrity Services, Inc. ("CIS") moved to intervene in this Fair Labor Standards Act ("FLSA") lawsuit over one year ago. (Dkt. 37.)  This Court has now asked for supplemental briefing outlining the impact of the proposed settlement and the pending indemnity lawsuit in Texas on CIS's pending motion to intervene. (Dkt. 123.)

Each provides an additional, independent ground for granting CIS's intervention.

Plaintiff David Oates ("Oates") and Defendant Kinder Morgan Energy Partners, LP ("Kinder Morgan") have announced a settlement that includes not only those inspectors who have joined this lawsuit under 29 U.S.C. § 216(b) but also over 1,300 others (including over 170 CIS inspectors). (Dkt. 87 and 102.)  CIS is directly impacted by that settlement and is entitled to intervene in order to "have its objections heard at the hearings on whether to approve such a settlement." *Kane Cnty., Utah v. United States*, 928 F.3d 877, 896 (10th Cir. 2019) (internal quotation marks and citations omitted) (reversing denial of intervention where settlement impacted intervenor).

1

Concurrent with that settlement, Kinder Morgan filed suit seeking indemnification from its inspection companies (including CIS). *Kinder Morgan, Inc. et al v. 3B Inspection, LLC, et al.,* Cause No. 2021 – 12657 (Tex. Harris Cnty. Ct. Mar. 4, 2021). There, Kinder Morgan demands payment from CIS and others not only the claims of those who have currently opted-in (per FLSA procedures), but also those 1,300 additional inspectors that Oates and Kinder Morgan invite to accept a settlement check, retain Oates' counsel, and then file additional FLSA suits against CIS and the other inspection companies. That indemnification demand also warrants intervention. *Barnes v. Sec. Life. Of Denver Ins. Co.*, 945 F.3d 1112 (10th Cir. 2019) (reversing denial of motion to intervene; where there is even the potential that the intervenor may have to pay the judgment, the intervenor must have a seat at the table determining what that potential bill is).

## II.     FACTUAL CONTEXT

CIS assigned 182 of its inspectors to its projects with Kinder Morgan. Despite their arbitration agreements, four CIS inspectors -- Messrs. Shropshire, Snow, Whitaker, and Hughes -- filed written consents to join this FLSA action pursuant to 29 U.S.C. § 216(b); the other 178 CIS inspectors (who also have arbitration agreements) have not done so.

Recognizing those arbitration commitments, Oates and Kinder Morgan filed notice of a settlement on February 10, 2021. (Dkt. 87.) That first settlement included inspectors employed by inspection companies who had worked on Kinder Morgan projects but expressly excluded all inspectors employed by CIS or by Kestrel Field Service, Inc. ("Kestrel"), which also has a pending intervention motion based on its inspectors' arbitration commitments.

This Court then ordered that Oates show cause why his case should not be dismissed for repeated missed deadlines. (Dkt. 101.)  In response, Oates and Kinder Morgan filed notice of a second settlement, which now included inspectors employed by CIS and Kestrel. (Dkt. 102.)

The basis for that shift from the first to the second settlement is nowhere explained. For example, did the price Kinder Morgan is paying increase proportionally to cover the 300+ inspectors added?  Were the ten inspection companies named in defining this settlement class all of the companies who performed work for Kinder Morgan during the period at issue or only some?

Following the announcement of the settlement but in advance of seeking this Court's approval, Oates subpoenaed CIS for its inspectors' contact information.  CIS moved to quash that subpoena on multiple grounds. That motion is now fully briefed. (*See* Dkts. 110, 115, 116.)

Oates also filed a motion seeking permission to file the settlement agreement and his motion for approval of that settlement under seal. (Dkt. 106.)  CIS filed an amicus brief opposing filing under seal. (Dkt. 112)  This Court declined to accept the amicus brief (Dkt. 118) but also denied the request for filing under seal. (Dkt. 119.)

Oates has since filed that settlement unsealed with his Unopposed Motion To Approve FLSA Settlement. (Dkt. 120.)  It is a partial settlement that raises novel issues warranting close scrutiny.

*First*, this proposed FLSA settlement invokes Rule 23(e) procedures, treating its 1,300+ beneficiaries as part of a class with independent legal status.  There is zero basis

3

for this in the FLSA; instead, Section 216(b) demands that settlement (or litigation) be only on behalf of those individuals who have filed consents to join. Thus, Kinder Morgan and Oates can settle only for those who have already filed consents to join this lawsuit but cannot settle for unnamed and unknown individuals. (*See* Dkt. 110, 116.) What Rule 23(e) permits for claims under other statutes the FLSA just forbids.

*Second***,** this settlement agreement only releases claims against Kinder Morgan and then simultaneously invites separate litigation under the FLSA for the same workweeks by each participant against his actual employer (*e.g.*, CIS, Kestrel, etc). Oates' notice is explicit (and bolded in the notice itself lest any recipient miss this message):

> **If you elect to participate, you will <u>only</u> be releasing Kinder Morgan from liability. You will not be releasing any of the Vendor Companies from liability for unpaid overtime wages. This means that you might be able to pursue any remaining wage and hour claims for additional compensation due to you against any of the Vendor Companies in a separate proceeding subject to any offset for settlement funds that you received from Kinder Morgan in this lawsuit.**

(Dkt. 122-1 at 21.) And, Oates' counsel brags about just that effect under oath:

> Finally, it is worth noting that Class Counsel also successfully limited the scope of relief to just Kinder Morgan which means that the Settlement Class Members are free to seek the balance of their unpaid overtime from the vendor companies should they chose to do so.

(Dkt. 122-2 at ¶ 23.)

*Third*, Oates' claim form forces anyone who wishes to participate in his settlement to retain his lawyers as their own counsel as a condition precedent to claiming a settlement check:

> I hereby designated Michael A. Josephson and Taylor A. Jones of Josephson Dunlap and Richard J. Burch of Bruckner Burch PLLC, to

4

represent me in

(Dkt. 122-1 at 23.) This designation of counsel has no significance for issuing checks but does have significance for allowing Oates' counsel the privilege of circumventing ethics rules in soliciting those individuals (because each is now a "client" or "former client") to file the additional lawsuits promised in the declaration. Seemingly, Kinder Morgan is buying its release cheaply by selling a vehicle for Oates' counsel to obtain more cases.

*Finally*, Oates' notice will be broadcast <u>ten</u> times to each covered individual. Each round of notice is tripled: regular mail, email, and text. Plus, there will be three rounds of that tripled notice so that every recipient will receive nine copies of Oates' notice soliciting their participation in his scheme within 60 days. That saturation bombing of notices is then followed with a personal phone call from Oates' counsel as the tenth solicitation. (*See* Dkt. 122-1 at ¶ 11(d).)

### III.   ANALYSIS

CIS's prior briefs proffered two grounds for intervention. *First*, CIS undisputedly paid each of its inspectors; determined their FLSA overtime-exempt status; and thus, has a significant interest in defending its employment practices in a case where the core issue is whether inspectors qualified for an overtime exemption under the FLSA. *Second*, CIS has a distinct interest in enforcing its arbitration pacts with its inspectors. Each remain live.

Oates' indemnity lawsuit adds a *third* independent ground for intervention. In fact, the Tenth Circuit requires it. *Barnes*, 945 F.3d at 1116-17 (requiring intervention where the potential that it pay indemnity gave the reinsurer-intervenor "a financial interest in proceeding" and ensured that the defendant would not be an adequate representative of the

5

potentially indemnifying party's interests).

Oates' settlement provides a ***fourth*** justification for intervention**.**  Intervention to raise questions or objections to a settlement is warranted. *Kane Cnty.,* 928 F.3d at 896; *see also United States v. Carpenter*, 298 F.3d 1122, 1125 (9th Cir. 2002) (district court abused its discretion by denying intervention to raise objections to a settlement contrary to intervenor's interests).

Under *Kane County*, CIS has critical questions and objections to raise here:

1. May district courts *sua sponte* invent a Rule 23(e) equivalent for FLSA collective actions?

2. Is there evidence to overcome the appearances that this settlement included impermissible consideration (*e.g.*, selling the list of CIS and Kestrel inspectors to Oates' counsel for releases with insufficient consideration for that belated addition)?

3. Can an FLSA collective action settlement override CIS's arbitration agreements?

4. Can an FLSA collective action settlement evade the Supreme Court's limits on FLSA notices?

**1.**     Without any statutory authority, Oates asks this Court to treat this case just like a Rule 23(e) settlement class, despite the fact that the FLSA forecloses that option. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 73-75 (2013) (explaining that "Rule 23 actions are fundamentally different from collective actions"; unlike Rule 23, the FLSA "does not produce a class with an independent legal status, or join additional parties to the action" but only allows multiple parties through "filing written consent with the court" pursuant to Section 216(b)).

Oates cannot explain away the statute, the Supreme Court, or the district court case getting it right. *Perez v. Avatar Props., Inc*., 6:07-cv-792-orl-24DAB, 2008 U.S. Dist.

6

LEXIS 1255107, at *10 (M.D. Fla. July 24, 2008) (explaining that Rule 23 settlement protocols cannot be used in the FLSA, which affirmatively requires individuals opt-in to a pending collective action and provides no right to settle first and the invite collective action participants after-the-fact).

Oates' assurance that other district courts have done what he proposes is akin to my younger brother's favorite line -- "but, Mom, everybody else is doing it." That is hardly reassuring, even under ideal circumstances. Here, Oates own cases disprove his assertion:[1]

- His litany includes inapposite cases involving Rule 23 class actions. *Ware v. CKF Enter.*, (E.D. Ky. 2020); *Castro v. Paragon Indus.*, (E.D. Cal. 2020); *Walsh v. CorePower Yoga, LLC*, (N.D. Cal. 2017); *Jones v. Agilsys, Inc.*, (N.D. Cal. 2013).

- His litany also includes cases where the settlement included only those individuals who filed consent forms prior to the settlement (which is proper). *Dickey v. R&R Donnelley & Sons Co.*, (M.D.N.C. 2016).

- His suggestion the CIS has done the same is just wrong. *Gundrum v. Cleveland Integrity Servs.*, (N.D. Okla. 2017) involved a Rule 23 class settling state law claim as was equally true of his other references to cases handled by CIS' counsel; both *Fenley* (*see* Dkt. 114 at Ex. B), and *Shaulis v. Falcon Subsidiary LLC*, (D. Colo. 2018) were also Rule 23 cases.

So, it is not that everybody else is doing it: just a few. Do those few cases permitting

---

[1] Equally important, "practice is not necessarily precedent." *Swales v. KLLM Transp. Servs. LLC*, 985 F.3d 430, 441 (5th Cir. 2021) (rejecting the approach to collective actions followed by many district courts where the approach had no support in the text of the FLSA or in the Supreme Court cases addressing FLSA collective actions).

such unopposed settlements offer compelling justifications for ignoring the FLSA's text and for ignoring the Supreme Court rejections of Rule 23 protocols in FLSA collective cases? Absolutely not! And, thus, those cases offer zero precedential value. *U.S. v. L.A. Tucker Truck Lines, Inc.*, 343 U.S. 33, 38 (1952) (where a case fails to discuss relevant authority and issues, "the case is not a binding precedent on this point").

**2.** Even if the FLSA permitted a Rule 23(e) settlement class, there are unanswered factual questions that must be asked and answered about Oates' settlement. The shift between the first and the second settlement (Dkts. 87, 102) suggests the potential that the "class representative" or the "class counsel" were less than adequate under Fed. R. Civ. P. 23(a)(4).

Overnight, 300+ "class members" were added. There was a dollar sum for the first settlement that is unknown but critical to evaluating the dollar sum ($3,925,000) in the second settlement: *i.e.*, did class members now get less per person? If Rule 23 applies, then it is necessary to ask whether Kinder Morgan bought more releases cheaply by selling a vehicle for Oates' counsel to obtain more cases.

Beyond that shift from the first to the second settlement, there is the problem of the self-referential class definition: individuals employed by ten named inspection companies. There is no affirmation that these are the only inspection companies. If Rule 23 applies, then so too do its normal concerns for "treat[ing] class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D).

**3.** Even if the FLSA permitted a Rule 23(e) settlement and those factual issues could be resolved, there is still another problem: CIS's arbitration agreements. Oates

8

suggests that Kinder Morgan concurs in this settlement and that its consent overrides the normal rules that would require exclusion of CIS's inspectors with arbitration agreements from any collective action. Not so. That stipulation is meaningless because each district court is independently required to be a "gatekeeper" under FLSA collective action practice.

*Hennigar v. Applied Consultants*, *Inc.* No. 4:21-mc-00889, Dkt. 34 (S.D. Tex. May 26, 2021) (Exhibit 1) is illustrative. There, as here, Oates' counsel sued a customer (like Kinder Morgan), which stipulated to a collective action encompassing multiple inspection company employees. CIS's affiliate -- whose employees had arbitration agreements -- objected. That court quashed a subpoena for the names of that company's inspectors in order to exclude those inspectors with arbitration agreements from the stipulated collective.

That gatekeeping arises from *Hoffman-La Roche v. Sperling*, *Inc.*, 493 U.S. 165 (1989), which set guidelines for district courts in allowing notice in FLSA collective actions. There is no separate standard for collective action notices of settlement in either the FLSA or in that case. Thus, there is no different rule that permits ignoring arbitration agreements in settlement contexts.

Oates' theme that this is settlement and that is different disguises what is actually happening: there is no possible settlement covering CIS inspectors unless this Court lends its authority to soliciting more plaintiffs and authorizes sending notice of Oates' FLSA settlement to such individuals. Here, Oates' counsel is using this Court as a cat's paw to create a "settlement collective action" that foments subsequent FLSA litigation.

But, the rule for collective actions is straightforward: "[n]otifying Arbitration Employees reaches into disputes beyond the 'one proceeding'" *In re JPMorgan Chase &*

Case 5:19-cv-01171-SLP   Document 124   Filed 06/08/21   Page 10 of 11

*Co.*, 916 F.3d 494, 502 (5th Cir. 2019) (banning inclusion of those with arbitration agreements in FLSA collective action); *see also* Dkts. 110, 116.  Kinder Morgan and Oates cannot stipulate to eliminate this Court's judgment as gatekeeper nor to borrow this Court to solicit litigation elsewhere.

      **4.**      Even if the FLSA permitted a Rule 23 settlement class, Oates' settlement is uniquely inappropriate.  This settlement does not fully resolve the claims of any inspector but instead asks each to accept a token payment from Kinder Morgan and then sue again for more overtime for the very same workweeks that are being settled under the same statute.  This is far different than any case cited in Oates' unopposed motion for approval.

      This Court is being asked to approve and facilitate what is nominally a settlement but, in practice, is a launching pad for soliciting "class members" (and to solicit each ten times) to file another round of FLSA lawsuits for the same workweeks being compensated in this settlement but against their actual employers (such as CIS).   That is its fatal flaw.

      For collective actions under 29 U.S.C.§ 216(b), the Supreme Court allows district courts to "facilitate[e] notice [of a collective action] to *potential* plaintiffs" but bars permitting that process to become indistinguishable "from the solicitation of claims." *Hoffman-La Roche v. Sperling*, *Inc*., 493 U.S. at 174.  This settlement revolves around a promise to solicit more claims; brags about it; and wrongly asks this Court to ignore *Hoffman-LaRoche*'s mandate and assist in accomplishing that illicit objective.

      This is neither a normal nor an approvable FLSA settlement.

## IV.    CONCLUSION

      For these additional reasons, CIS asks this Court to grant its intervention motion.

10

DM_US 180385513-6.105270.0034

Dated: June 8, 2021

Respectfully submitted,

Cleveland Integrity Services, Inc.

/s/ *Rachel B. Cowen*

Rachel B. Cowen, *pro hac vice*
J. Barrick Bollman, *pro hac vice*
McDermott Will & Emery LLP
444 West Lake Street
Suite 4000
Chicago, Illinois 60606
(312) 372-2000 - Telephone
(312) 884-7700 - Fax
rcowen@mwe.com
bbollman@mwe.com

Paul DeMuro, OBA #17605
FREDERIC DORWART, LAWYERS PLLC
Old City Hall
1 East Fourth Street
Tulsa, Oklahoma 74103
(918) 583-9922 – Telephone
(918) 583-8251 – Facsimile
pdemuro@fdlaw.com

## CERTIFICATE OF SERVICE

The undersigned does certify that on the 8th day of July 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the applicable ECF registrants.

/s/ Rachel B. Cowen

Rachel B. Cowen