UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. OATES, Individually and on Behalf of Others Similarly Situated,<br><br> *Plaintiff*,<br><br>v.<br><br>KINDER MORGAN ENERGY PARTNERS, L.P.<br><br> *Defendant,*<br>v.<br><br>CLEVELAND INTEGRITY SERVICES, INC.<br><br> *Intervenor.* | Case No. 5:19-cv-01171-SLP |

**DEFENDANT KINDER MORGAN ENERGY PARTNERS, L.P.'S MOTION FOR RECONSIDERATION OF ORDER REGARING OPT-IN PROCEDURE FOR THE PARTIES' PROPOSED FLSA SETTLEMENT**

Defendant Kinder Morgan Energy Partners, L.P. ("Kinder Morgan") respectfully requests the Court reconsider its January 18, 2022 Order (Doc. 176) with respect to clarification of the settlement procedure for opt-in plaintiffs. When a settlement has been reached, the law does not require that the parties allow opt-in plaintiffs to join the case but forego acceptance of the parties' proposed FLSA settlement. Instead, any opt-in plaintiff who does not wish to accept the parties' settlement agreement may choose to not opt-in to this action and pursue an independent legal action.

I.   BACKGROUND

On January 18, 2022, the Court denied Plaintiff's settlement approval motion without prejudice. (Doc. 176). In that order, the Court instructed the parties on the next steps required to proceed with settlement, including the instruction that "[t]he Notice should inform the putative plaintiffs of . . . (2) . . . ***their right not to be bound by a settlement that the original plaintiff advocates, even if they do 'opt-in.'***" (*See* Doc. 176 at 5) (emphasis added). Kinder Morgan seeks to clarify the notice language to provide that putative plaintiffs have the right to pursue an independent action should they decline to opt in to the settlement.

II.   ARGUMENT

**A.   The Law Does Not Require Allowing Opt-In Plaintiffs to Join but Refuse to Accept the Proposed FLSA Settlement.**

In support of its instruction, the Court draws the relevant language from *Logan v. United Am. Sec., LLC*, No. 21-CV-00257-NYW, 2021 WL 4990305, at *4 (D. Colo. Oct. 26, 2021) (requiring a notice of collective action to "inform putative opt-ins of their right ***not to be bound by a settlement*** that the original plaintiff advocates, ***even if they do 'opt-in***.'") (emphasis added) (*citing Pena v. Home Care of Denver, LLC*, No. 19-CV-00069-CMA-NYW, 2019 WL 5577947, at *2 (D. Colo. Oct. 29, 2019)). However, the *Pena* case cited by the *Logan* court considered a non-settlement certification, where the parties requested the Court conditionally certify the FLSA collective action and authorize the dissemination of the proposed notice form to potential plaintiffs during the routine litigation of the dispute, *not as part of the administration of a collective-wide settlement*.

2

*Pena*, No. 19-CV-00069-CMA-NYW, 2019 WL 5577947, at *1. Thus, *Pena* did not concern the requirements for providing opt-in notice in the context of a proposed settlement (as is the context here). To the extent the *Logan* court held that individuals could opt into an FLSA settlement but refuse to accept the proposed settlement, it wrongly applied *Pena* by conflating the standard for opt-in notice at the conditional certification stage and the standard for opt-in notice at the settlement stage.

In another case that this Court cited in its order, *Prim v. Ensign United States Drilling, Inc.*, the court initially found the parties' proposed notice omitted critical information in part because it did not "inform putative class members that they have the right to pursue an independent action against defendant **should they decline to opt in to the lawsuit.**" No. 15-CV-02156-PAB-KMT, 2018 WL 3729515, at *4 (D. Colo. Aug. 3, 2018) (emphasis added) (*citing Pena*, No. 19-CV-00069-CMA-NYW, 2019 WL 5577947, at *2, *3). Like the instant case, *Prim* considered the notice language in the context of a proposed settlement. The *Prim* court subsequently approved the parties' proposed notice, which provided putative class members may pursue an independent action should they decline to opt into the settlement:

> The Court finds that the parties have corrected the noted issues. The notice informs putative class members of the nature of the FLSA collective action and the basis of plaintiff's claim. Docket No. 49-2 at 3. ***It informs the putative class members that, should they decline to opt in to the settlement, they do not give up any legal right to pursue an independent action against defendant.*** *Id*. at 4. It also informs the recipient of the proposed settlement amount, the amount that is to go toward attorney's fees and costs, and the amount of the enhancement award to be paid to plaintiff. *Id*. Moreover, it contains placeholders for informing the putative class members of their pro rata estimated settlement payment. *Id*. at 5. Because the parties have cured

3

the previous proposed notice's deficiencies, the Court approves the parties' proposed notice.

*Prim v. Ensign United States Drilling, Inc.*, No. 15-CV-02156-PAB-KMT, 2019 WL 4751788, at *6 (D. Colo. Sept. 30, 2019) (emphasis added).

Other courts have similarly held that opt-in plaintiffs may withdraw from the case and file an independent action if they disagree with the terms of the proposed settlement. "At the hearing, opt-in plaintiffs would be permitted to voice any objection to the proposed settlement by either appearing in person or by submitting written objections in advance. Moreover, any plaintiff who opts-in to the suit would—by either submitting written materials to the court in advance of the hearing date or personally appearing at the hearing—be permitted to withdraw from the case and not be bound by the settlement agreement." *Leigh v. Bottling Grp., LLC*, No. CIV.A. DKC 10-0218, 2011 WL 1231161, at *4–5 (D. Md. Mar. 29, 2011) (*citing Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955, at *9 (E.D. Va. Sept. 28, 2009) (permitting withdrawal after opt-in and agreement to settlement terms prior to court approval); *see also Adams v. School Board of Hanover County*, No. 3:05CV310, 2008 WL 5070454, at *17 (E.D. Va. Nov. 26, 2008) (discussing cases permitting withdrawal)). Likewise, the notice to the opt-in plaintiffs in this case should inform them of their right to withdraw and file an independent action if they decline to accept the terms of the parties' proposed settlement. Given this safety mechanism, there is no basis to otherwise require the putative plaintiffs

4

be given an opportunity to join this action only to decline to participate in the resolution agreed to by the parties that prompted the notice.[1]

### III.   CONCLUSION

Kinder Morgan appreciates the Court's reconsideration of its January 18, 2022 order with respect to the opt-in procedure. For the foregoing reasons, Kinder Morgan respectfully requests that the Court enter an order clarifying that opt-in plaintiffs should be notified of their right to withdraw from this matter and file an independent action if they decline to accept the terms of the parties' proposed settlement.

---

[1] Unlike class actions with a Rule 23 settlement that binds putative plaintiffs by the results of the litigation, in a "collective" action certified under Section 216(b) of the FLSA, prospective class members must affirmatively consent to join the class by "opting in"; however, employees who do not opt-in are not bound by the results of the litigation, including any settlement. *Avendano v. Averus, Inc.*, No. 14-CV-01614-CMA-MJW, 2016 WL 11692373, at *3 (D. Colo. Sept. 29, 2016) (Arguello, J.); *see also Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 607 (E.D. Cal. 2015) ("[A] Court has a "considerably less stringent" obligation to ensure fairness of the settlement in a FLSA collective action than a Rule 23 action because parties who do not opt in are not bound by the settlement.").

Dated: June 28, 2022

Respectfully submitted

/s/ David B. Jordan
David B. Jordan (*admitted pro hac vice*)
Texas State Bar No. 24032603
djordan@littler.com
Kelcy L. Palmer (*pro hac vice application forthcoming*)
Texas State Bar No. 24088099
kpalmer@litterl.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

Chris S. Thrutchley
OBA No. 15859
cthrutchley@gablelaw.com
Gerard M. D'Emilio
OBA No. 33496
gdemilio@gablelaw.com
GABELGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103
(918) 595-4810 (Telephone)
(918) 595-4990 (Telecopier)

**ATTORNEYS FOR DEFENDANT KINDER MORGAN ENERGY PARTNERS, L.P.**

### CERTIFICATE OF CONFERENCE

The undersigned attorney hereby certifies that Defendant's Counsel conferred with Plaintiff's Counsel regarding this motion for reconsideration and the relief requested herein, and Plaintiff's Counsel is neither opposed nor unopposed.

/s/ David B. Jordan
David B. Jordan

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2022, I electronically filed the foregoing document with the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Andrew W Dunlap
FIBICH LEEBRON COPELAND BRIGGS & JOSEPHSON
1150 Bissonnet
Houston, TX 77005
Email: adunlap@mybackwages.com

Michael A Josephson
JOSEPHSON DUNLAP LAW FIRM
11 Greenway Plaza. Suite 3050
Houston, TX 77046
Email: mjosephson@mybackwages.com

Michael K Burke
Richard J Burch
BRUCKNER BURCH PLLC
8 Greenway Plaza, Suite 1500
Houston, TX 77046
Email: mburke@brucknerburch.com
Email: rburch@brucknerburch.com

Michael Burrage
WHITTEN BURRAGE
512 N Broadway Ave, Suite 300
Oklahoma City, OK 73102
Email: mburrage@whittenburragelaw.com

**ATTORNEYS FOR PLAINTIFF DAVID M OATES**

Paul DeMuro
FREDERIC DORWART LAWYERS PLLC
124 E 4th St, Suite 100
Tulsa, OK 74103
Email: pdemuro@fdlaw.com

Rachel Cowen
MCDERMOTT WILL & EMERY-CHICAGO
444 W Lake St., Suite 4000
Chicago, IL 60606
Email: rcowen@mwe.com

**ATTORNEYS FOR INTERVENOR CLEVELAND INTEGRITY SERVICES, INC.**

　

*/s/ David B. Jordan*
David B. Jordan