IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. OATES, )<br>on behalf of himself and )<br>others similarly situated, )<br> )<br>   Plaintiff, )<br> )<br>v. )<br> )<br>KINDER MORGAN ENERGY )<br>PARTNERS, L.P., )<br> )<br>   Defendant. ) | Case No. CIV-19-1171-SLP |

**O R D E R**

Before the Court is Defendant Kinder Morgan Energy Partners, L.P.'s Motion for Reconsideration of Order Regarding Opt-In Procedure for the Parties' Proposed FLSA Settlement [Doc. No. 183]. Defendant's Motion is directed to the Court's Order [Doc. No. 176] denying Plaintiff's Unopposed Motion to Approve FLSA Settlement [Doc. No. 122]. The Court denied the Motion on numerous grounds, including Plaintiff's failure to obtain, or even request, certification of the class.

The Court further noted "concerns" about the version of the Settlement Agreement and Proposed Notice submitted with Plaintiff's Motion. *See* Order at 6, 11-13. Defendant's Motion for Reconsideration is narrow in scope and addresses the following directive from the Court about the proposed Notice:

> The Notice should inform the putative plaintiffs of . . . their ability to . . . opt-in . . . and their right not to be bound by a settlement that the original plaintiff advocates, even if they do opt-in.

Order at 12 (internal quotation marks and citation omitted).  Defendant seeks "to clarify the notice language to provide that putative plaintiffs have the right to pursue an independent action should they decline to opt in to the settlement.  Def.'s Mot. at 2.

Defendant argues that "[w]hen a settlement has been reached, the law does not require that the parties allow opt-in plaintiffs to join the case but forego acceptance of the parties' proposed FLSA settlement.  Instead, any opt-in plaintiff who does not wish to accept the parties' settlement agreement may choose to not opt-in to this action and pursue an independent legal action." *Id*. at 1.  According to Defendant, "[g]iven this safety mechanism, there is no basis to otherwise require the putative plaintiffs to be given an opportunity to join this action only to decline to participate in the resolution agreed to by the parties and prompted by the notice."  Def.'s Mot. at 4-5.  Plaintiff agrees and argues "the law does not require these workers to be permitted to join the case but forego acceptance of the proposed settlement." Pl.'s Notice [Doc. No. 186].

Although the parties' argument is not abundantly clear, they purport to contend that if a putative plaintiff opts in, that plaintiff then has no right to refuse to accept the terms of any proposed settlement. *See, e.g*., Def.'s Mot. at 3.  The Court agrees that if a putative plaintiff does not opt in to the collective action, he or she has the right to pursue an independent action.  But, contrary to the parties' contentions, such right does not negate the distinct and separate right of an opt-in plaintiff to object to the terms of any proposed settlement.  As set forth in the Court's prior Order, this is a requirement in

2

FLSA actions. *See* Order at 12; *see also Foster v. Robert Brogden's Olathe Buick GMC, Inc.*, No. 17-2095-DDC-JPO, 2019 WL 1002046 at *7 (D. Kan. Feb. 28, 2019) (directing parties to submit notice and claim forms that contain procedures for opt-in members to object to the proposed settlement). Notably, the parties have not expressly sought reconsideration of that aspect of the Court's Order requiring that the Notice "explain that putative plaintiffs have the right to object to the settlement and explain how to do so." *See id*. at 12. Accordingly, Defendant Kinder Morgan Energy Partners, L.P.'s Motion for Reconsideration of Order Regarding Opt-In Procedure for the Parties' Proposed FLSA Settlement [Doc. No. 183] is DENIED.[1]

IT IS SO ORDERED this 25th day of January, 2023.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] Pending before the Court is Plaintiff's Motion for Preliminary Conditional Certification of Proposed Settlement Class and for Preliminary Approval of the Parties' Proposed Settlement and Notice to the Proposed Settlement Class [Doc. No. 190] (Preliminary Certification and Approval Motion). In support of that Motion, Plaintiff submits two forms of Notice – one applicable if the Court were to deny the Motion to Reconsider, *see* Doc. No. 190-1, Ex. A-1 (ECF 190-1:17-27) – and one applicable if the Court were to grant the Motion to Reconsider, *see id*. (ECF 190-1:29-39). Any remaining issues with the proposed Notice will be addressed in the context of the Court's ruling on the Preliminary Certification and Approval Motion.