IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID M. OATES, on behalf of himself and others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>KINDER MORGAN ENERGY PARTNERS, L.P.,<br><br>  Defendant, and<br><br>CLEVELAND INTEGRITY SERVICES, INC.,<br><br>  Intervenor. | Case No. CIV-19-1171-SLP |

## **O R D E R**

Before the Court is Cleveland Integrity Services, Inc.'s Motion to Compel Arbitration and Supporting Brief [Doc. No. 187]. Defendant Kinder Morgan Energy Partners, L.P. (Kinder Morgan) has not responded to the Motion. Therefore, as to Kinder Morgan, the Motion is deemed confessed. *See* LCvR 7.1(g).

Cleveland Integrity Services (CIS) moves to compel arbitration as to certain individuals who have filed notices of consent to join in this action as a party plaintiff – Floyd Shropshire [Doc. No. 25], Mike Snow [Doc. No. 29], James Whitaker [Doc. No. 70] and Richard Hughes [Doc. No. 82]. The Court will collectively refer to these four

Plaintiffs as the CIS Arbitration Plaintiffs.[1]  In response, the CIS Arbitration Plaintiffs state that they do not agree that they are required to arbitrate their claims but have "elected not to oppose CIS's request to move this matter to arbitration for resolution." *See* Resp. [Doc. No. 191].  Accordingly, the Court finds the Motion should be granted.

Although the CIS Arbitration Plaintiffs do not oppose arbitration, they request the Court to "toll their respective statutes of limitation from the date they opted-in to this Action."  *Id*.  In reply, CIS asks the Court to limit any tolling to the claims the CIS Arbitration Plaintiffs made in this lawsuit against Kinder Morgan and not include any unasserted claims against CIS separately.  CIS further requests the Court to limit tolling from the date each respective CIS Arbitration Plaintiff filed his written consent until thirty days after the date of this Order, so long as the individual demand for arbitration is filed within those thirty days.  *See* Proposed Order [Doc. No. 192-2].  The parties do not cite any authority for their respective positions on the issue of tolling.  The Court, therefore, declines to address the issue.

The parties further do not address the effect that granting the Motion and compelling arbitration has on the remainder of this action.  Notably, pending before the Court is Plaintiff's Unopposed Motion for Preliminary Conditional Certification of Proposed Settlement Class and for Preliminary Approval of the Parties' Proposed Settlement and Notice to the Proposed Settlement Class [Doc. No. 190].  In that Motion,

---

[1] The CIS Arbitration Plaintiffs became party plaintiffs upon the filing of their notices of consent.  *See* 29 U.S.C. § 216(b); *see also Mickles v. Country Club, Inc.*, 887 F.3d 1270, 1278 (11th Cir. 2018) ("The plain language of § 216(b) supports those who opt in become party plaintiffs upon the filing of a consent and that nothing further is required."); *Ferrell v. SemGroup Corp.*, No. 19-CV-00610-GKF-JFJ, 2020 WL 6561312 at *3 (N.D. Okla. Nov. 9, 2020) (accord).

Plaintiff represents that the claims of the CIS Arbitration Plaintiffs are not subject to the settlement and "will be resolved separately." *Id*. at 9, n. 5.

Typically, the Court is required to stay an action pending arbitration. *See, e.g., Walker v. BuildDirect.com Techs., Inc*., 733 F.3d 1001, 1004 (10th Cir. 2013). Here, however, a stay would not be appropriate as to the non-CIS Arbitration Plaintiffs and Defendant Kinder Morgan. It appears to the Court, therefore, that the best course of action would be to sever the claims of the CIS Arbitration Plaintiffs because those claims are subject to arbitration. *See, e.g., Collins & Aikman Prods. Co. v. Bldg. Sys., Inc*., 58 F.3d 16, 20 (2d Cir. 1995) ("If some claims are non-arbitrable, while others are arbitrable, then we will sever those claims subject to arbitration from those adjudicable only in court."); *see also Smith v. Dolgencorp, LLC*, No. 1:16-CV-0959-VEH, 2017 WL 818570 at *4 (N.D. Ala. Mar. 2, 2017) (severing FLSA claims of plaintiff subject to arbitration from FLSA claims of plaintiff not subject to arbitration).

IT IS THEREFORE ORDERED as follows:

1. Cleveland Integrity Services, Inc.'s Motion to Compel Arbitration and Supporting Brief [Doc. No. 187] is GRANTED.

2. The claims of the CIS Arbitration Plaintiffs are severed.

3. The Clerk of Court shall open a new civil action as to the severed claims of the CIS Arbitration Plaintiffs without collection of a filing fee. A copy of the Complaint and a copy of this Order shall be filed in the new action.

4. The CIS Arbitration Plaintiffs shall have thirty days from the date of this Order, or until February 24, 2023, to initiate arbitration proceedings and shall file a notice

with the Court in the severed action, when such proceedings have been initiated.  **If the CIS Arbitration Plaintiffs fail to timely comply with the Court's directive, the severed action shall be dismissed without prejudice and without further notice from the Court.**[2]

5. Subject to the requirements of paragraph 4, the CIS Arbitration Plaintiffs' severed action is STAYED pending final resolution by arbitration or settlement.  The parties shall report on the status of arbitration on May 25, 2023, and every ninety days thereafter until the parties report that arbitration is completed.

IT IS SO ORDERED this 25th day of January, 2023.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[2] The Court's directive is not intended to prevent the parties from moving for dismissal of the severed lawsuit pursuant to Fed. R. Civ. P. 41.  In this regard, the Court notes that in its Motion, CIS states that counsel for the CIS Arbitration Plaintiffs have indicated they may seek dismissal of the CIS Arbitration Plaintiffs' claims under Fed. R. Civ. P. 41(a)(2).  *See* Mot. at 7.